**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **DORIS M. LINDQVIST,** ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00013-RAM-RM |
| ) | |
| **KERVIN CLENANCE,** ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**ORDER**

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Def.'s Mot.), filed on April 18, 2023. (ECF No. 8.) Plaintiff filed an opposition on May 10, 2023, and Defendant filed a reply on May 22, 2023. (ECF Nos. 15, 26.) Also before the Court is Plaintiff's motion to dismiss Defendant's counterclaim, filed on June 3, 2023. (ECF No. 29.) Defendant filed an opposition to this motion on June 23, 2023. (ECF No. 30). Plaintiff filed a reply on July 5, 2023. (ECF No. 32.) For the reasons stated below, the Court will grant both motions, dismissing the pleadings for lack of subject matter jurisdiction.

I.

It is axiomatic that federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, 76 V.I. 749, 755 (D.V.I. 2022); 28 U.S.C. §§ 1331-33. Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Although not raised by Plaintiff in her motion to dismiss the amended counterclaim, the Court addresses this issue regarding both the complaint and the amended counterclaim because the Court "*must* dismiss the action," Fed. R. Civ. P. 12(h)(3) (emphasis added), if it lacks subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999))), *quoted in DeLagarde*, 76 V.I. at 754.

Moreover, when jurisdiction is in question, the burden of proof falls on the party asserting that jurisdiction exists. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. General. Motors Acceptance Corp.*, 298 U.S. 178 (1936) and *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

In the matter at bar, Plaintiff asserts, "This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332." Complaint (Compl.) (ECF No. 1) at ¶ 1. Defendant likewise alleges, "This Court has jurisdiction pursuant *28 U.S.C. 1332* [sic]." First Amended Counterclaim (Am. Countercl.) (ECF No. 28) at ¶ 3. Section 1332 governs diversity jurisdiction, allowing the court to exercise jurisdiction when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount in controversy exceeds $75,0000.00. 28 U.S.C. § 1332(a).

II.

Defendant does not dispute that the citizenship of the parties is diverse. Def's Mot. at at 2. However, as Defendant argues, the complaint is completely devoid of any allegation of the amount in controversy or that Plaintiff's damages exceed the jurisdictional minimum. *Id*. at 2-3. Without such an allegation, the Court cannot exercise diversity jurisdiction. *See*, *e.g.*, *DeLagarde*, 76 V.I. at 758-59 ("The complaint in this matter makes no mention of the amount in controversy. Furthermore, DeLagarde does not provide his own citizenship. As such, the complaint establishes neither a sufficient amount in controversy nor the requisite diversity between the parties to satisfy diversity jurisdiction under 28 U.S.C. § 1332."). *See also, e.g.*, *DePhillips v. Equifax Inc.*, Civil No. 22-03247 (RMB/SAK), 2023 U.S. Dist. LEXIS 8493, at *7 (D. N.J. Jan. 17, 2023) ("Without a good-faith allegation supporting an amount in controversy that exceeds the statutory floor, this Court cannot proceed."); *Walega v. Lackawanna Cnty. Gov't Office*, Civil No. 1:21-CV-02006, 2022 U.S. Dist. LEXIS 223168, at *14 (M.D. Pa. Dec. 12, 2022) ("Here, Walega has not alleged facts from which it can reasonably be inferred that this court has diversity jurisdiction. She does not allege an amount in controversy. Thus, she has not satisfied the requirement that the amount in controversy exceed $75,000."); *Decozen Chrysler Jeep Corp. v. Fiat Chrysler Autos., LLC*, Civil Action No: 22-0068, 2022 U.S. Dist. LEXIS 210356, at *8-9 (D.N.J. Nov. 21, 2022) (where the court explains: "The Complaint asserts diversity jurisdiction . . . It makes no reference,

however, to the amount-in-controversy requirement. 28 U.S.C. § 1332(a). A complaint asserting diversity jurisdiction 'is fatally defective unless it contains a proper allegation of the amount in controversy.' . . . Moreover, the Complaint references 'economic loss' (¶ 129), 'substantial economic deprivation' (¶ 130), 'economic harm' (¶ 136(f)), and 'substantial economic injury' (¶ 155), but does not describe such loss in any way that would permit the Court to infer the amount-in-controversy is met . . . Accordingly, Plaintiff has insufficiently pleaded diversity jurisdiction." (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 745 (1975) and citing *Shah v. Vora*, No. 09-1294, 2010 U.S. Dist. LEXIS 27355, 2010 WL 1076244, at *1 (D.N.J. Mar. 23, 2010) ("Plaintiff has not plead diversity jurisdiction, as she has not stated a particular amount in controversy.") and *Fid. & Cas. Co. of New York v. First Nat. Bank in Ft. Lee*, 397 F. Supp. 587, 591 (D.N.J. 1975))).[1] Thus, the Court will grant Defendant's motion.

Even though one of the grounds of Defendant's motion to dismiss is Plaintiff's failure to plead the amount in controversy to establish diversity jurisdiction, Defendant's counterclaim suffers from the same deficiency. The amended counterclaim also fails to allege the amount in controversy, merely declaring that the "Court has jurisdiction pursuant to *28 U.S.C. 1332* [sic]." Am. Countercl. at ¶ 3. Moreover, as with the complaint, the Court cannot determine whether the jurisdictional amount has been satisfied from the facts alleged in the amended counterclaim.

In certain instances, a counterclaim can survive a dismissal of the underlying complaint. However, the conditions permitting such survival are not present in the matter at bar. As the Southern District of the Florida District Court explains in *La Gorce Country Club, Inc. v. Underwriters at Lloyd's of London*, Case No. 09-22340-Hoeveller, 2009 U.S. Dist. LEXIS 122131 (S.D. Fla. Dec. 18, 2009):

---

[1] Nothing in the complaint allows the Court to infer that the amount in controversy requirement has been met. *See, e.g., Atuahene v. Sears Mortg. Corp.*, Civil Action No. 98-930, 2000 U.S. Dist. LEXIS 1017, at *11 (E.D. Pa. Jan. 26, 2000) ("It is established, however, that the complaint must allege facts sufficient to determine whether the jurisdictional amount has been satisfied and not plead an amount solely to obtain federal court jurisdiction." (citing *Hamilton v. Hartford Accident and Indem. Co.*, 425 F. Supp. 224, 226 (E.D. Pa. 1977)). In the matter at bar, Plaintiff fails to plead any amount in controversy. She does not even make the bare allegation that her damages exceed $75,000. She invokes jurisdiction only by citing 28 U.S.C. § 1332. Such citation to the statute is woefully inadequate to establish the minimum jurisdictional amount required to confer subject matter jurisdiction upon this Court.

"It appears to be settled," the Seventh Circuit wrote, "that where a counterclaim states a cause of action seeking affirmative relief independent of that stated in the complaint, the dismissal of the complaint does not preclude a trial and determination of the issues presented by the counterclaim." Id. at 410. A year later, the Tenth Circuit elaborated:

> But it is apparent in those exceptional cases where a counterclaim may survive the jurisdictional failure of a complaint that at least three premises must exist. Jurisdiction must exist within the scope of the allegations of the counterclaim; the claim made in the counterclaim must be independent of that made in the main case; and, lastly, affirmative relief must be sought.
>
> Arapahoe Drilling Co., 267 F. 2d at 8.

*Id*. at *6-7. In the absence of allegations sufficient to establish diversity jurisdiction, subject matter jurisdiction is not apparent from the face of the amended counterclaim. Thus, the first required condition for the counterclaim to survive has not been met. Consequently, the Court will dismiss Defendant's amended counterclaim.

III.

Based upon the foregoing, the Court finds that subject matter jurisdiction over either Plaintiff's Complaint or Defendant's First Amended Counterclaim has not been established, and, therefore, the Court must dismiss both pleadings.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED**; it is further

**ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff's Motion to Dismiss First Amended Counterclaim, ECF No. 29, is **GRANTED** on other grounds, namely, for lack of subject matter jurisdiction; it is further

**ORDERED** that Defendant's First Amended Counterclaim, ECF No. 28, is **DISMISSED WITHOUT PREJUDICE**; it is finally

**ORDERED** that the Clerk's Office shall **CLOSE** this case.

**Dated:** February 5, 2024         */s/ Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**